UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RASHAAN DAVIS,<br>    Plaintiff, | Case No. 1:20-cv-333 |
| vs | Black, J.<br>Litkovitz, M.J. |
| HAMILTON COUNTY,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff has filed a complaint in this Court. (Doc. 1). Because plaintiff failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, the undersigned issued a Deficiency Order requiring plaintiff to pay the full filing fee or submit an *in forma pauperis* application and certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 2). Plaintiff was advised that failure to comply with the Order could result in the dismissal of the case for want of prosecution. The Order, issued on May 4, 2020, was returned to the Court as undeliverable, marked "Not at this address." (Doc. 3). To date, plaintiff has yet to inform the Court of any change of address or respond to the Court's Deficiency Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: June 16, 2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| RASHAAN DAVIS,<br>    Plaintiff, | Case No. 1:20-cv-333 |
| vs | Black, J.<br>Litkovitz, M.J. |
| HAMILTON COUNTY,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).